ADMINISTRATOR'S INVENTORY—CONCLUSIVENESS.
　　An inventory is prima facie evidence of the extent and value of the personalty of a decedent, and the burden of showing the contrary rests on one who contests its correctness.

In the matter of the judicial accounting of Frederick S. and Charles F. Van Sise, executors of Charles A. Van Sise, deceased. Objections to executors' accounts dismissed.

George C. Hendrickson, for executors.

James M. Seaman, for contestant Mahala Seaman.

PETTY, S. Numerous objections to the account are filed by the contestant, a half-sister of the executors. The executors, the contestant, and other children of deceased are residuary legatees under his will. The objections relate to securities, chattels, mostly household furniture, attorney's charges, and real estate.

The objections must be dismissed, if for no other reason, for lack of proof. The only witness called in support of the objections is the contestant, and she is flatly contradicted by the two executors and the widow. The various securities which she would charge upon the executors are shown to have been paid off during the lifetime of the deceased or never to have existed at all. In any event the executors have them not, and know nothing of them, and the contestant fails to show that they actually exist, or where they may be found. As to the real estate the executors have done but their duty in bidding in the property in Brooklyn at foreclosure sale. They undoubtedly realize that they are chargeable with diligence in disposing of this property for the estate, and the proof is that they have made efforts in this behalf. Likewise with the $3,500 mortgage held by them. It appears also that they are doing their duty in collecting rent from the real estate so bid in pending the sale. The charges for attorney's services, while not insignificant in amount, appear to have been to some extent taxable costs in the litigation of the estate, and in other respects are not shown to be excessive. The main contention is confined to the household chattels of the deceased. It is claimed that not all of these are included in the inventory or account, that many are appraised below their true value, and that some are the property of the contestant. The inventory was taken in the manner prescribed by statute by the appraisers, who were not only representative citizens of the town of the testator's residence, but especially qualified to judge the value of the

articles appraised. The surviving appraiser is not called to explain the valuation, nor is any witness examined in this regard other than the contestant. The executors present the inventory and account as containing all the assets of which they have knowledge. It is incumbent upon the contestant to show where the alleged remaining assets are if she wishes them included in the account, and as to the articles to which she claims ownership her testimony is contradicted so far as their possession by the estate is concerned. It may well be in this regard that the articles she claims are withheld from her by some person or persons. If so, her remedy is in another tribunal. It is clear that the executors are not accountable therefor. Under such circumstances the inventory is prima facie correct, and the burden of showing the contrary rests upon the contestant (In re Rogers' Estate, 153 N. Y. 316, 328, 47 N. E. 589), and under this rule it is also clear that her allegations have not been established by the reasonable certainty required. Marre v. Ginochio, 2 Bradf. Sur. 165. Further, to find in favor of the contestant involves the finding that the executors, each with as great an interest in the estate as the contestant, have been acting contrary to their own interest. Such a finding would require clear and positive proof. Tax costs and settle decree on notice. The account will therefore be approved as filed.

Objections dismissed.